UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:04-CR-172-F |
| | ) | WO |
| AL WAKEEL DANIELS | ) | |

### ORDER ON MOTION FOR DETENTION

After due consideration of testimony, proffer, and the recommendation of the pretrial services officer at the detention hearing held this day in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court concludes that the *Motion for Detention* filed by the United States on August 17, 2005 (Doc.4) should be, and is hereby granted, so that the defendant is detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed a drug offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846 or an offense in which a firearm was used or carried under § 924(c). A three-count Indictment on August 17, 2004, charges him with knowingly and intentionally conspiring to distribute and possess with intent to distribute 29.18 grams of ecstasy and 48.13 kilograms of marijuana (count 1); with knowingly using, carrying, and possessing a 12 gauge shotgun, a .30 caliber rifle, and a 9mm pistol in furtherance of drug trafficking (count 2); and knowingly receiving and possessing a stolen 12 gauge shotgun (count 3). The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Part II - Written Statement of Reasons for Detention

In an effort to rebut the presumption for his detention, the defendant submitted only a proffer which emphasized (a) his status on state court bond since his arrest by Houston County authorities on. April 29, 2004, for the same drug charges underlying this federal indictment; (b) his residence and jobs during this period; (c) the absence of any subsequent arrests; and (d) the unlikelihood of flight. The United States responded with testimony from the assigned case agent that (a) the defendant's charged co-conspirator and the defendant himself confirm that at the time of his arrest

in 2004, the defendant had access to and regularly sold or bartered guns and trafficked in drugs; (b) the defendant is a suspect in recently committed armed robberies at restaurants in the Dothan area; and (c) the defendant admitted his drug use when arrested by federal authorities within the past few days. The defendant tested a "presumptive positive" for cocaine and marijuana when interviewed by the pretrial services officer. Though the underlying details have not been confirmed, the defendant plead guilty in the Houston Co. District Court on April 24, 2001 to a third-degree escape committed in June 2000. The defendant's mother confirmed to the pretrial services officer her son's intermittent residence with her since 1999 as well as his intermittent part-time employment, principally cutting hair in the kitchen at her residence and at an Abbeville chicken plant prior to his suspension. While the evidence that defendant is a flight risk is not overwhelming, the presumption for detention arising from the nature of the drug and gun offenses indicted shifts the burden to the defendant to rebut the presumption. The court has duly weighed all relevant factors against the backdrop of the offenses indicted and the defendant's continuing drug use before concluding that the defendant's proffer does not rebut the presumption that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or ensure the safety of the community.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 19TH day of August, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE